UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

              Plaintiff,              Case No. 1:16-cv-427

v.                                           Honorable Paul L. Maloney

GARY MINIARD et al.,

              Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Michael Gresham, a prisoner incarcerated at Ionia Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d

596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed more than forty civil actions. In eight of his cases, all of his claims were dismissed because they were frivolous, malicious or failed to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv- 239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D. Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008).  Plaintiff also has been denied leave to proceed *in forma pauperis* in 18 cases. *See Gresham v. Christiansen et al.* No. 1:16-cv-428 (May 13, 2016); *Gresham v. Austin et al.*, 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader et al.*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Prelesnik et al.*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop et al.*, No. 1:12-cv-494 (W.D. Mich. June 18, 2012); *Gresham v. Heyns et al.*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder et al.*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 10,

2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis et al v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Moreover, Plaintiff's action does not fall under the exception for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court

could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

The action is one of several recently filed by Plaintiff that represents a partial refiling of a sweeping, composite action filed by Plaintiff in October 2015. *See Gresham et al. v. Washington et al.*, No. 1:15-cv-1067 (W.D. Mich.). That action was dismissed for improper joinder on January 6, 2016. *See id.* (ECF Nos. 8-9). Because of Plaintiff's extensive history of abusive filings, the Court also issued an order restricting future filings by Plaintiff. *Id.* (ECF No. 10). Under the restrictive-filing order, Plaintiff was barred from filing (1) any future complaint that raised claims arising out of more than a single transaction or event, (2) any complaint jointly with another Plaintiff or attempting to join an action filed by another, and (3) any complaint exceeding ten pages in length. Plaintiff was advised that any violation of the restrictions would result in his case being dismissed.

In the instant case, Plaintiff complains about conduct that occurred between late August and early September 2015 more than six months prior to the filing of his complaint. Plaintiff makes numerous allegations against eight Defendants and others not named as Defendants, all of whom were employed at Ionia Correctional Facility (ICF) during the general time period: Sergeants Gary Miniard and (unknown) Leithheim; Correctional Officers Peri McLeod, Lyod Thurlby, (unknown) Richardson, J. Smith and (unknown) Smith; and Librarians (unknown) Zupon (who is not named as a Defendant) and Joseph Novak.[1] Plaintiff's allegations against these Defendants include the following: Defendant McLeod called him a snitch and child molester and told other prisoners that he would have sex with the first one to kill Plaintiff; Defendants Thurlby, Miniard,

---

[1] On page 9 of his complaint, Plaintiff also lists eight additional unknown individuals (referenced as "John Doe 1" to "John Doe 7") as well as ten additional named ICF officials. Plaintiff, however, makes no factual allegations regarding any of the 17 individuals, and they were not named as parties either in the caption or in section III of the form complaint.

McLeod, Zupon, Novak, and Leithheim told Plaintiff that he would "get his ass beat" (ECF No. 1, PageID.3) and threatened to destroy his copies for service in a pending case[2]; Defendants Thurlby and Miniard refused to give him his mail on September 3, 2015; Defendants Leithheim, McLeod, Smith, Richardson and Thurlby intentionally put his copies next to the cell door, so that they would be destroyed by chemical agent when Plaintiff was being sprayed for holding his food slot hostage (which Plaintiff denies); the unknown John Does (members of the emergency response team) allegedly assaulted Plaintiff, injuring his wrists, arms, face and nose; Nurse Gleason (not a Defendant) refused to treat Plaintiff, telling him he should not sue staff; Defendant Leithheim and the unknown John Does placed him in hard restraints in a "stress torture" position (PageID.4); and Lieutenant Kelly (not a Defendant), Officer Mullins (not a Defendant), Defendant McLeod, and ten other Defendants and other individuals not named as Defendants refused to remove the restraints. Plaintiff contends that all Defendants and other individuals allegedly conspired to retaliate against him for filing his lawsuit and violated his Eighth Amendment rights. Plaintiff contends that Defendants Miniard, Thurlby, Leithheim and McLeod continue to threaten him in unspecified ways. He also alleges that other prisoners have thrown feces and urine at him on his way to the shower and have threatened him.

---

[2]On August 20, 2015, in *Gresham v. Napel et al.*, No. 2:14-cv-253 (W.D. Mich.), the Court entered an opinion and order partially dismissing and partially serving the complaint. *Id.* (ECF Nos.32-33). In accordance with W.D. MICH. LCIVR 10.4 and Administrative Order No. 03-029, following initial review of the complaint, the Court ordered Plaintiff to make and return 33 copies of the complaint for service on the remaining defendants. Plaintiff subsequently filed a motion to produce and affidavit, in which he represented that he could not comply with the order, because his 33 copies had been destroyed by chemical spray. *See id.* (ECF Nos. 37-38.) The Court granted the motion (ECF No. 39). Following further delays, Plaintiff filed another motion, (ECF No. 47), which was granted by the Court on January 6, 2016 (ECF No. 53). The service copies ultimately were provided on January 25, 2016, and the Marshal has since mailed waivers of service on the defendants. Multiple defendants have appeared and the case is actively being litigated.

All of Plaintiff's factual allegations concern conduct that occurred more than six months ago. While Plaintiff makes a conclusory allegation that he remains in imminent danger from these Defendants and from other prisoners, he fails to allege any fact suggesting that he faces a risk of serious physical injury, much less that such risk is imminent. *Vandiver*, 727 F.3d. at 585. Plaintiff does not allege that any Defendant took any physically after early September 2015. In addition, because Plaintiff remains housed in segregation, he faces no imminent risk of serious physical injury from other prisoners. In *Gresham v. Christiansen et al.*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016) (Op. & Ord. denying leave to proceed *in forma pauperis*) (ECF Nos. 5-6), the court concluded that nearly identical allegations failed to support an inference that Plaintiff is in imminent danger. Moreover, in *Gresham v. Clute et al.*, No. 1:15-cv-1066 (W.D. Mich.), Plaintiff raised the identical claims about retaliation and being called a snitch, and the Court ordered service of the claims. *Id.* (ECF Nos. 13-14). As a consequence, in addition to not demonstrating imminent danger at this time, the allegations of imminent danger case are duplicative of pending claims.

For all these reasons, Plaintiff's allegations are insufficient to entitle him to proceed *in forma pauperis* under the imminent-danger exception to the three-stikes rule of § 1915(g). *Id.* Plaintiff therefore must pay the entire civil action filing fee, which is $400.00, within 28 days of this opinion and order. If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee. If Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

Dated: June 7, 2016            /s/ Paul L. Maloney
                               Paul L. Maloney
                               United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**